## GALLUP *v.* MULVAH.

To an action brought to recover one half of costs, taxed by fence viewers in making a division of fence, it is no defence that one of the board did not take the official oath till the day appointed for the hearing of the application for the division. If a party intends to avail himself of the want of such official qualification, in any subsequent proceedings relative to the division, he must take the exception at the time of the hearing, otherwise it will be waived.

Nor is it a good defence to such an action that copies of the report of the fence viewers are not furnished to the parties within one week after the decision. Neither is it a defence that the items of the fees of the fence viewers are not specified in the report.

It is no objection to the report of fence viewers that they order the part assigned to each party to be built by him, "and kept in repair by him, his heirs and assigns forever." Such order is but stating the legal effect of the division.

If the copies which are sent to the common pleas by a justice of the peace, are sufficient to give that court jurisdiction of the case, it will be no defence upon the trial, that the justice has committed an error in making up the record of his judgment.

APPEAL, taken by the defendant from the judgment of a justice of the peace. The writ contained three counts; one for money had and received; one for money paid, laid out and expended; and one on an account, annexed to the writ, for two dollars. Plea, the general issue.

The action was brought to recover the sum of two dollars, being one half of costs taxed by the fence viewers of

Gallup *v.* Mulvah.

Lebanon, for a division of fence made by them between the parties, which division had been made on the application of the plaintiff, and the costs paid by him.

The division was made on the 22d of July, 1848, notice of the hearing having been given on the 15th of July. Both parties appeared and were heard, and no exception was taken to the official character of the fence viewers. The fence viewers were chosen in March, 1848, for one year, and two of them were duly sworn on the day of their election. The third did not take the oath of office till July 22d, 1848, the day on which the hearing and division was made. The defendant took the exception that there was no competent tribunal to divide the fence at the time it was done.

The fence viewers, after making the division, assigned to each one his respective share, and ordered "that the same be built by him, and kept in repair by him, his heirs and assigns forever." To this part of the record the defendant excepted, and contended that the fence viewers had exceeded their authority, in ordering the parties, their heirs and assigns, to build the fence and keep the same forever in repair.

It did not appear by the record of the division, which was filed and recorded, that the fence viewers caused a copy of their decision in the premises, reduced to writing, to be given to each of the parties; and there was no evidence that any such copy had been delivered to them, and the defendant excepted to the plaintiff's right of recovery on that account.

The fence viewers, in their record, set forth that the fees for their services were four dollars. The defendant took the exception that the plaintiff could not be liable, because the items of the fees were not specified.

By the copies furnished from the magistrate, it appeared that in making up the record of judgment, he embraced in the same only the count upon the account annexed. He states, however, that after considering the case, it appeared to him that the defendant did promise the plaintiff as he

had declared against him. But he does not state for what sum he renders judgment.

The defendant contended that the action could not be maintained in the common pleas, because the justice had rendered judgment on the count for two dollars on the account annexed. Also because the justice did not give judgment for any particular sum.

The several exceptions were overruled, and a verdict taken by consent for the plaintiff. And the defendant moved to set the same aside and for a new trial, on account of the several exceptions taken.

*E. Blaisdell,* with whom was *Duncan,* for the defendant.

We contend that there was no board competent to act at the time of the hearing and report. The fence viewers were not all duly and seasonably sworn. For aught that appears, one of them was not sworn till after the report was made.

But if the court should hold that there was a board qualified to act, then we say that they exceeded their authority in the premises, inasmuch as they not only pretended to divide the fence, but ordered the parties, their heirs and assigns, to build and keep in repair the fence forever. This they had no authority to do. Rev. Stat. ch. 136, §§ 3, 4.

2. The fence viewers did not legally tax their fees, having given no items, but set the amount down in gross. Rev. Stat. ch. 136, § 14. Moreover, the division of the fence is uncertain in description.

3. It did not appear by the record offered, that the fence pretended to have been divided, was on the line of the land owned by the parties.

4. The fence viewers did not cause a copy of their proceedings in the premises, reduced to writing, to be given to each party within one week. Rev. Stat. ch. 136, § 13.

5. There was no evidence that the defendant was in any way notified of the actual division, or of the amount of fees,

before the action was brought, or that the plaintiff had paid the same or any part thereof.

*D. Blaisdell,* with whom was *Cragin,* for the plaintiff.

The first objection is, that the fence viewers were not, all of them, duly sworn. It is true that only two of them had taken the official oath required of town officers, prior to the day of hearing, when the third one took that oath. But the statute in regard to the matter provides that the decision of the fence viewers, upon their being sworn before a justice that they have acted impartially, uprightly and to the best of their judgment, shall be final and conclusive upon the parties. Rev. Stat. ch. 136, § 16. This oath the fence viewers in this case did take, as appeared by the copy of the record produced at the trial, and it is submitted that this is all that the law requires. There could be no necessity for them to take the oath twice.

2. The order of the fence viewers, that the share assigned to each party should be built by him and kept in repair by him, his heirs and assigns forever, is merely expressing in terms the provisions of the statute, and can in no way affect the validity of the proceedings. Even if they had exceeded their authority in ordering that " the heirs and assigns should keep the fence in repair," it would not avoid the other part of the decision. Fox's Town Officer, Article Fences.

3. It was not necessary to the validity of their doings that the fence viewers should cause a copy of their decision to be left with each of the parties within one week. This is merely directory. The division is made binding upon the parties when recorded in the town records. Rev. Stat. ch. 136, § 3.

4. There is no provision requiring a statement of the items of fees in this case. The fence viewers might well tax them in gross, as they have done; and if either party had occasion to complain he should resort to his statutory remedy, and require the fence viewers to make out a partic-

ular statement of the items, and if they refused, sue for the penalty. Rev. Stat. ch. 229, §§ 27, 28.

5. It is immaterial what the judgment of the justice was. The defendant appealed from it, and it was for the purpose of having the errors of his judgment corrected that the appeal was taken.

EASTMAN; J. The amount in controversy between these parties is very small, but it is not unfrequently the case that the severest litigation originates in the smallest sums, especially where the matter in dispute grows out of special statute enactments relative to the business of towns and town officers.

This action is one of that class, this being the third time that it has come up to this court, and none of the exceptions now presented have appeared heretofore.

The action is founded upon section 14 of chapter 136 of the Revised Statutes. By that section it is provided that each "fence viewer shall be allowed one dollar per day for his services, to be paid by the party making the application, and he shall be entitled to demand and recover the one half thereof of the other party, in an action of assumpsit for money paid for his use, unless in the opinion of the fence viewers, justice requires a different division of the costs, in which case they may so order."

Several exceptions were taken upon the trial, to the plaintiff's right of recovery, which we will notice in their order.

The first is that there was no competent board to divide the fence on the day it was done. It appears that the notice for the hearing was given on the 15th day of July, at which time only two of the fence viewers had taken the oath of office. The hearing took place on the 22d of July, when the official oath was administered to the other. Both parties appeared and were heard, and no exception was taken to the official character of any member of the board. If the defendant had wished or intended to except to the

want of qualification in either of'them, he should have made it known at that time, and not making it known, he must be regarded as having waived the exception.

The principle involved in this question was settled at the last term of this court, in the case of the petition of Gilford, for the discontinuance of a highway. We held in that case that, where one of the road commissioners did not take the official oath till after the notices of the hearing were issued, but did take it before the hearing, and the parties appeared and proceeded with the hearing without objection, with a knowledge of the fact, the exception could not be taken afterwards, and was waived. The same principle was also recognised at this present term of the court, in the case of Goodwin & als., petitioners for a highway in Milton.

The insertion in the report that the portion of fence assigned to each party should be built by him, " and kept in repair by him, his heirs and assigns forever," is at best but mere surplusage. The second section of the chapter of the statute upon this subject, provides that " any division of fence made by the parties in writing and recorded in the town records, shall be forever binding upon the parties, and all succeeding owners and occupants of the land." And the third section provides " that if the parties shall not agree upon a division, the fence viewers of the town, upon application, shall make such division, which, being recorded in the town records, shall be of the same force as a division made by the parties, and a copy of such record shall be evidence." Rev. Stat. ch. 136, §§ 2, 3.

By the second section, an agreement made by the parties clearly binds them, their heirs and assigns forever, and a division made under the third section has the same force.

The legal effect, then, of a report of fence viewers, under this statute, is to bind the parties in the manner specified in the report in this case, and the statement of its effect, although unnecessary, cannot vitiate or weaken their doings.

The next exception is not of a character to render void.

the proceedings. The sections of the chapter which we have just quoted. show that the division, being recorded in the town records, becomes binding upon the parties. The section which requires the fence viewers. to furnish a copy of their decision in the premises to each of the parties, could not have been intended to override the third section. The provision is directory to them, and failing to furnish the copies they may perhaps be liable. But it was not necessary that the plaintiff should prove that such copies were furnished, in order to sustain the action.

Neither can the exception that the items of the fees of the fence viewers were not specified in the report prevail. There is no direction in the statute that the items shall be specified; and the report in this respect is sufficient, so far as not to bar the plaintiff's right of recovery.

As a general rule, the judgment of a justice of the peace becomes vacated by an appeal. If the papers are sufficient to bring the case legally before the common pleas, so as to give that court jurisdiction, it is enough; and the common pleas will render such judgment as should be.

The justice erred in making up his judgment, but the copy of the writ and pleadings and the recognizance taken were before the court, and were sufficient to give them jurisdiction. Besides, the defendant had a right to appeal, if he saw fit, for the very reason that the judgment was erroneously entered up.

*Judgment on the verdict.*